UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNILEVER SUPPLY CHAIN, INC.,

                     Plaintiff,

        -against-

APOLLO HEALTH AND BEAUTY
CARE CORPORATION,
APOLLO HEALTH AND BEAUTY CARE,
APOLLO HEALTH CORP. AND
APOLLO BEAUTY CORP.

                    Defendants.

------------------------------------------------------------X

Civil Action No. 09-CV-07601
(LMM)

**ANSWER TO AMENDED
COMPLAINT AND
COUNTERCLAIMS**

Apollo Health and Beauty Care, consisting of Apollo Health Corporation and Apollo Beauty Corporation (collectively, "Apollo"), responds to the Amended Complaint of Unilever Supply Chain, Inc. ("Unilever"), as follows:

## SUBSTANCE OF THE ACTION

1.     Paragraph 1 of the Amended Complaint purports to summarize the claims recited in the Amended Complaint.  In answer to paragraph 1 of the Amended Complaint, Apollo denies that the summary is accurate and complete and denies that Apollo has engaged or is engaging in any unlawful activity.  Further, Apollo states that Unilever has named an incorrect defendant as has been previously brought to the attention of Unilever.

## JURISDICTION AND VENUE

2.     Apollo admits that the Court has general jurisdiction over this matter, that the Court has personal jurisdiction over Apollo Health and Beauty Care, Apollo Health Corporation,

450827.1

and Apollo Beauty Corporation, and that the claimed amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Apollo denies the remaining allegations contained in paragraph 2 of the Amended Complaint.

3.      Apollo admits that venue lies properly in this District.

## PARTIES

4.      Upon information and belief, Apollo admits the allegations of paragraph 4 of the Amended Complaint.

5.      Apollo denies the allegations contained in paragraph 5 of the Amended Complaint.  In further response to the allegations in paragraph 5 of the Amended Complaint, and upon Apollo's information and belief, there does not exist, as plead by Unilever, an entity named Apollo Health and Beauty Care Corporation, a corporation organized and existing under the laws of Canada.

6.      Apollo admits the allegations of paragraph 6 of the Amended Complaint.

7.      Apollo admits the allegations of paragraph 7 of the Amended Complaint.

8.      Apollo admits the allegations of paragraph 8 of the Amended Complaint.

9.      Apollo admits that Apollo Health Corporation and Apollo Beauty Corporation are partners in Apollo Health and Beauty Care partnership.  Apollo denies the remaining allegations contained in paragraph 9 of the Amended Complaint.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10.      Apollo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint and therefore denies those allegations.

11. It is admitted that the DOVE® trademark has appeared on product packaging and promotional and advertising materials and that personal care products have been sold under the DOVE® trademark, but Apollo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Amended Complaint and therefore denies those allegations.

12. Apollo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint and therefore denies those allegations.

13. Apollo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint and therefore denies those allegations.

14. Apollo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint and therefore denies those allegations.

15. Apollo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint and therefore denies those allegations.

16. Apollo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint and therefore denies those allegations.

17. Apollo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint and therefore denies those allegations.

18.     Apollo denies the allegations of paragraph 18 of the Amended Complaint.

19.     Apollo admits that a document purporting to be a photograph and drawing depicting the DOVE® Body Wash Bottle is attached to the Amended Complaint as Exhibit 1, but Apollo denies the remaining allegations of paragraph 19 of the Amended Complaint.

20.     Apollo denies the allegations of paragraph 20 of the Amended Complaint.

21.     Apollo denies the allegations of paragraph 21 of the Amended Complaint.

22.     Apollo denies the allegations of paragraph 22 of the Amended Complaint.

23.     Apollo admits that a document purporting to be a photograph of samples of the DOVE® Body Wash Products is attached to the Amended Complaint as Exhibit 2, but Apollo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Amended Complaint and therefore denies those allegations.

24.     Apollo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint and therefore denies those allegations.

25.     Apollo admits that at least some of the DOVE® Body Wash Products are sold in Target and at Drugstore.com, but Apollo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Amended Complaint and therefore denies those allegations.

26.     Apollo is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 26 of the Amended Complaint in respect of the duration of time the referred products have been sold and therefore denies those allegations, and Apollo further denies the  remaining allegations in paragraph 26 of the Amended Complaint.

27.     Apollo admits that the packaging of Unilever's DOVE® Deep Moisture Beauty Body Wash consists of (i) the most prominent feature being Unilever's stylized DOVE® word mark in the color blue, (ii) Unilever's non-verbal logo depicting a floating dove in the color gold, (iii) a container bottle with a narrow, curved bottle top that flares into a wider mid-section and narrows again at the flat base, as well as curved vertical panels, (iv) a curved flip-top bottle cap, having an opaque dark blue color band with the remaining portion of the cap in an opaque white, (v) an overall color scheme consisting of the colors white, dark blue and gold, and (vi) an image of a creamy liquid in the act of being poured.  Apollo admits that a document purporting to be a photograph of a sample of the DOVE® Deep Moisture Beauty Body Wash product is attached to the Amended Complaint as Exhibit 3, but Apollo denies the remaining allegations contained in paragraph 27 of the Amended Complaint.

28.     Apollo admits that the packaging of Unilever's DOVE® Gentle Exfoliating Beauty Body Wash consists of (i) the most prominent feature being Unilever's stylized DOVE® word mark in the color blue, (ii) Unilever's non-verbal logo depicting a floating dove in the color gold, (iii) a container bottle with a narrow curved bottle top that flares into a wider mid-section and narrows again at the flat base, as well as side panels that curve from the top of the bottle to the base, (iv) a curved flip-top bottle cap, having an opaque light blue color band with the remaining portion of the cap in an opaque white, (v) a color scheme consisting of the colors white, dark blue, light blue and gold, (vi) a transparent white bottle, through which the  blue-colored exfoliating beads are visible, and (vii) an image of a whirlpool of blue dots.  Apollo also admits that a document purporting to be a photograph of a sample of the DOVE® Gentle Exfoliating Beauty Body Wash product is attached to the Amended Complaint as Exhibit 4, but Apollo denies the remaining allegations contained in paragraph 28 of the Amended Complaint.

29.     Apollo admits that the packaging of Unilever's DOVE® Go Fresh Cool Moisture Beauty Body Wash consists of (i) the most prominent feature being Unilever's stylized DOVE® word mark in the color blue, (ii) Unilever's non-verbal logo depicting a floating dove in the color silver, (iii) a container bottle with a narrow curved bottle top that flares into a wider mid-section and narrows again at the flat base, as well as side panels that curve from the top of the bottle to the base, (iv) a curved flip-top bottle cap, having an opaque fluorescent green color band with the remaining portion of the cap in an opaque mint green color, (v) a color scheme consisting of the colors mint green, fluorescent green, blue and silver, (vi) the words "go fresh," "cool moisture," "cucumber & green tea scent" on the front panel, and (vii) images of a cucumber and leaf. Apollo also admits that a document purporting to be a photograph of a sample of the DOVE® Go Fresh Cool Moisture Beauty Body Wash product is attached to the Amended Complaint as Exhibit 5, but Apollo denies the remaining allegations contained in paragraph 29 of the Amended Complaint.

30.     Apollo admits that the packaging of Unilever's DOVE® Sensitive Skin Beauty Body Wash consists of (i) the most prominent feature being Unilever's stylized DOVE® word mark in the color blue, (ii) Unilever's non-verbal logo depicting a floating dove in the color gold, (iii) a container bottle with a narrow curved bottle top that flares into a wider mid-section and narrows again at the flat base, as well as side panels that curve from the top of the bottle to the base, (iv) a curved flip-top bottle cap, having an opaque light green color band with the remaining portion of the cap in an opaque white color, (v) a color scheme consisting of the colors white, light green, blue and gold, and (vi) an image of a droplet of a creamy liquid above a pool of creamy liquid.  Apollo also admits that a document purporting to be a photograph of a sample of the DOVE® Sensitive Skin Beauty Body Wash product is attached to the Amended

Complaint as Exhibit 6, but Apollo denies the remaining allegations contained in paragraph 30 of the Amended Complaint.

31.     Apollo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint and therefore denies those allegations.

32.     Apollo admits that a document purporting to be a sampling of printed advertisements and promotions depicting the DOVE® Body Wash bottle is attached to the Amended Complaint as Exhibit 7, but Apollo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 32 of the Amended Complaint and therefore denies those allegations.

33.     Apollo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint and therefore denies those allegations.

34.     Apollo admits that the DOVE® Body Wash Bottles are featured on the DOVE Website, that the DOVE® Website features product information, advertising and promotion regarding the DOVE® Body Wash Products, and that a document purporting to be print-outs of the DOVE Website showing the DOVE® Body Wash Bottle on the DOVE Website is attached to the Amended Complaint as Exhibit 8, but Apollo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Amended Complaint and therefore denies those allegations.

35.     Apollo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint and therefore denies those allegations.

-7-

36.     Apollo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint and therefore denies those allegations.

37.     Apollo denies the allegations of paragraph 37 of the Amended Complaint.

38.     Apollo denies the allegations of paragraph 38 of the Amended Complaint.

39.     Apollo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint and therefore denies those allegations.

40.     Apollo denies the allegations of paragraph 40 of the Amended Complaint.

41.     Apollo denies the allegations in the first sentence of paragraph 41 of the Amended Complaint and admits that the website referenced in the paragraph states, in part, what Unilever alleges it states.

42.     Apollo denies the allegations of paragraph 42 of the Amended Complaint.

43.     Apollo denies that Apollo, as named and defined by Unilever, manufactures various body wash products or that it markets, promotes, distributes and sells to Target Corporation ("Target").  Apollo admits that Apollo Health and Beauty Care, markets, promotes, distributes and sells various body wash products (the "Apollo Body Wash Products") to Target but denies the remaining allegations of paragraph 43 of the Amended Complaint.

44.     Apollo admits that the Apollo Body Wash Products are marketed, distributed, and sold in Target stores located in this District, this State and the United States, but Apollo denies the remaining allegations of paragraph 44 of the Amended Complaint.

45.     Apollo admits that the Apollo Body Wash Products include products called Deep Moisturizing Body Wash, Delicate Exfoliating Body Wash, Cool Moisturizing Body Wash and

Sensitive Skin Body Wash and that a document purporting to be photographs of these products is attached to the Amended Complaint as Exhibit 9, but Apollo denies the remaining allegations of paragraph 45 of the Amended Complaint.

46.    Apollo denies the allegations of paragraph 46 of the Amended Complaint.

47.    Apollo admits that the Apollo Body Wash Products sold as Deep Moisturizing Body Wash have been sold in packaging with (i) the most prominent feature being the trademark and/or house mark of the retailer selling the product, (ii) a container bottle with a flat oval single-color top that flares into a wider mid-section and narrows again at the base, as well as curved vertical panels, the side panels of which feature horizontally aligned, diamond-shaped ridges running the length of the side panels, (iii) a light blue flat and oval-shaped flip-top bottle cap into which the APOLLO mark is molded in raised print, (iv) an overall color scheme consisting of the colors white, dark blue, light blue, and gold, and (v) a classic fair use statement, "Compare to DOVE® Beauty Body Wash Deep Moisture."  Apollo also admits that a document purporting to be a photograph of a sample of Deep Moisturizing Body Wash product packaging is attached to the Amended Complaint but denies the remaining allegations contained in paragraph 47 of the Amended Complaint.

48.    Apollo admits that the Apollo Body Wash Products sold as Delicate Exfoliating Body Wash have been sold in packaging with (i) the most prominent feature being the trademark and/or house mark of the retailer selling the product, (ii) a container bottle with a flat oval single-color top that flares into a wider mid-section and narrows again at the base, as well as curved vertical panels, the side panels of which feature horizontally aligned, diamond-shaped ridges running the length of the side panels, (iii) a light blue flat and oval-shaped flip-top bottle cap into which the APOLLO mark is molded in raised print, (iv) an overall color scheme

consisting of the colors white, light blue, and gold, and (v) a classic fair use statement, "Compare to DOVE® Beauty Body Wash Gentle Exfoliating."   Apollo also admits that a document purporting to be a photograph of a sample of Apollo's Delicate Exfoliating Body Wash is attached to the Amended Complaint as Exhibit 11, but Apollo denies the remaining allegations contained in paragraph 48 of the Amended Complaint.

49.    Apollo admits that the Apollo Body Wash Products sold as Cool Moisturizing Body Wash have been sold in packaging with (i) the most prominent feature being the trademark and/or house mark of the retailer selling the product, (ii) a container bottle with a flat oval single-color top that flares into a wider mid-section and narrows again at the base, as well as curved vertical panels, the side panels of which feature horizontally aligned, diamond-shaped ridges running the length of the side panels, (iii) a light green flat and oval-shaped flip-top bottle cap into which the APOLLO mark is molded in raised print, (iv) an overall color scheme consisting of the colors white, light green, and gold, (v) the words "cool moisturizing body wash for dry skin with cucumber & green tea scents" on the front panel, and (vi) a classic fair use statement, "Compare to DOVE® Beauty Body Wash Go Fresh Cool Moisture."   Apollo also admits that a document purporting to be a photograph of a sample of Apollo's Cool Moisturizing Body Wash is attached to the Amended Complaint as Exhibit 12, but Apollo denies the remaining allegations contained in paragraph 49 of the Amended Complaint.

50.    Apollo admits that the Apollo Body Wash Products sold as Sensitive Skin Body Wash have been sold in packaging with (i) the most prominent feature being the trademark and/or house mark of the retailer selling the product, (ii) a container bottle with a flat oval single-color top that flares into a wider mid-section and narrows again at the base, as well as curved vertical panels, the side panels of which feature horizontally aligned, diamond-shaped ridges

running the length of the side panels, (iii) a light green flat and oval-shaped flip-top bottle cap into which the APOLLO mark is molded in raised print, (iv) an overall color scheme consisting of the colors white, light green, and gold, and (v) a classic fair use statement, "Compare to DOVE® Beauty Body Wash Sensitive Skin." Apollo also admits that a document purporting to be a photograph of a sample of Apollo's Sensitive Skin Body Wash is attached to the Amended Complaint as Exhibit 13, but Apollo denies the remaining allegations contained in paragraph 50 of the Amended Complaint.

51.     Apollo denies the allegations of paragraph 51 of the Amended Complaint.

52.     Apollo denies the allegations of paragraph 52 of the Amended Complaint.

53.     Apollo denies the allegations of paragraph 53 of the Amended Complaint.

54.     Apollo admits that the DOVE® Body Wash Products and the Apollo Body Wash Products are distributed and sold through overlapping channels of trade and are positioned side-by-side on Target's store shelves to facilitate a consumer's close inspection and comparison of the national DOVE® brand product and the retailer's private label alternative product, but Apollo denies the remaining allegations of paragraph 54 of the Amended Complaint.

55.     Apollo denies the allegations of paragraph 55 of the Amended Complaint.

56.     Apollo denies the allegations of paragraph 56 of the Amended Complaint.

57.     Apollo denies the allegations of paragraph 57 of the Amended Complaint.

58.     Apollo admits that on the website referenced in the paragraph, Apollo Health and Beauty Care is promoted as a "premium developer of Private Label Health and Beauty Care Products, offering complete product categories, which have been designed to compete equivalently with the most popular national brands…" and that a document purporting to be

print-outs from the website are attached to the Amended Complaint as Exhibit 14 but denies the remaining allegations of paragraph 58 of the Amended Complaint.

59.     Apollo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 59 of the Amended Complaint and therefore denies those allegations.

60.     Apollo admits that, prior to the filing of the original Complaint in this action, Unilever sent a letter to Apollo claiming intellectual property rights in the DOVE® Body Wash product packaging and demanding that Apollo cease its manufacture, promotion, distribution and sale of the Apollo Body Wash Products.  Apollo denies the remaining allegations of paragraph 60 of the Amended Complaint.

61.     Apollo admits that in response to Unilever's demand letter, Apollo explained its refusal to cease its manufacture, promotion, distribution and sale of the Apollo Body Wash Products but denies the remaining allegations of paragraph 61 of the Amended Complaint.

62.     Apollo admits that Apollo has continued to lawfully manufacture, promote, distribute and sale the Apollo Body Wash Products but denies the remaining allegations of paragraph 62 of the Amended Complaint.

63.     Apollo denies the allegations of paragraph 63 of the Amended Complaint.

64.     Apollo denies the allegations of paragraph 64 of the Amended Complaint.

65.     Apollo denies the allegations of paragraph 65 of the Amended Complaint.

66.     Apollo denies the allegations of paragraph 66 of the Amended Complaint.

**FIRST CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION**

67.     Apollo repeats and incorporates by reference its responses above in response to paragraph 67 of the Amended Complaint.

-12-

68.     Apollo denies the allegations of paragraph 68 of the Amended Complaint.

69.     Apollo denies the allegations of paragraph 69 of the Amended Complaint.

70.     Apollo denies the allegations of paragraph 70 of the Amended Complaint.

71.     Apollo denies the allegations of paragraph 71 of the Amended Complaint.

72.     Apollo denies the allegations of paragraph 72 of the Amended Complaint.

73.     Apollo denies the allegations of paragraph 73 of the Amended Complaint.

74.     Apollo denies the allegations of paragraph 74 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

75.     Apollo repeats and incorporates by reference its responses above in response to paragraph 75 of the Amended Complaint.

76.     Apollo admits awareness of Plaintiff's DOVE® Body Wash product prior to the creation, design, manufacture, promotion, distribution and sale by Apollo of the Apollo Body Wash Products but denies the remaining allegations of paragraph 76 of the Amended Complaint.

77.     Apollo denies the allegations of paragraph 77 of the Amended Complaint.

78.     Apollo denies the allegations of paragraph 78 of the Amended Complaint.

79.     Apollo denies the allegations of paragraph 79 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION

80.     Apollo repeats and incorporates by reference its responses above in response to paragraph 80 of the Amended Complaint.

81.     Apollo denies the allegations of paragraph 81 of the Amended Complaint.

82.     Apollo denies the allegations of paragraph 82 of the Amended Complaint.

83.     Apollo denies the allegations of paragraph 83 of the Amended Complaint.

84.     Apollo denies the allegations of paragraph 84 of the Amended Complaint.

85.     Apollo denies the allegations of paragraph 85 of the Amended Complaint.

86.     Apollo denies the allegations of paragraph 86 of the Amended Complaint.

87.     Apollo denies the allegations of paragraph 87 of the Amended Complaint.

**FOURTH CLAIM FOR RELIEF**
**FEDERAL TRADEMARK DILUTION**

88.     Apollo repeats and incorporates by reference its responses above in response to paragraph 88 of the Amended Complaint.

89.     Apollo denies the allegations of paragraph 89 of the Amended Complaint.

90.     Apollo denies the allegations of paragraph 90 of the Amended Complaint.

91.     Apollo denies the allegations of paragraph 91 of the Amended Complaint.

92.     Apollo denies the allegations of paragraph 92 of the Amended Complaint.

**FIFTH CLAIM FOR RELIEF**
**DILUTION AND INJURY TO BUSINESS REPUTATION**

93.     Apollo repeats and incorporates by reference its responses above in response to paragraph 93 of the Amended Complaint.

94.     Apollo denies the allegations of paragraph 94 of the Amended Complaint.

95.     Apollo denies the allegations of paragraph 95 of the Amended Complaint.

96.     Apollo denies the allegations of paragraph 96 of the Amended Complaint.

**SIXTH CLAIM FOR RELIEF**
**DECEPTIVE TRADE PRACTICES**

97.     Apollo repeats and incorporates by reference its responses above in response to paragraph 97 of the Amended Complaint.

98.     Apollo denies the allegations of paragraph 98 of the Amended Complaint.

99.     Apollo denies the allegations of paragraph 99 of the Amended Complaint.

450827.1

100.     Apollo denies the allegations of paragraph 100 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Apollo asserts the following defenses to the Amended Complaint.  Assertion of a defense does not concede that Apollo has a burden of proving the matter asserted.

### FIRST AFFIRMATIVE DEFENSE
*(Failure to State a Claim)*

101.     The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
*(Estoppel)*

102.     The Amended Complaint, and each and every cause of action therein, is barred, either in whole or in part, by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
*(Laches)*

103.     The Amended Complaint, and each and every cause of action therein, is barred, either in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
*(Unclean Hands)*

104.     The Amended Complaint, and each and every cause of action therein, is barred, either in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
*(Waiver)*

105.     The Amended Complaint, and each and every cause of action therein, is barred, either in whole or in part, by the equitable doctrine of waiver and/or other applicable, equitable doctrines.

## SIXTH AFFIRMATIVE DEFENSE
*(Frivolousness/Bad Faith)*

106.    The Amended Complaint is frivolous and/or has been brought in bad faith. Accordingly, Apollo is entitled to recover its costs, including attorney's fees, incurred in defending against the Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
*(No Likelihood of Confusion)*

107.    Unilever's claims for trademark and trade dress infringement are barred on the grounds that Apollo's activities do not result in a likelihood of confusion or in any deception, unfair competition or other harm with respect to Unilever's alleged rights.

## EIGHTH AFFIRMATIVE DEFENSE
*(No Acquired Distinctiveness)*

108.    Unilever's claims for trademark and trade dress infringement are barred on the grounds that the DOVE® Body Wash Trade Dress and Bottle Design have not acquired distinctiveness sufficient to support exclusive, protectable rights in the DOVE® Body Wash Trade Dress and Bottle Design.

## NINTH AFFIRMATIVE DEFENSE
*(Failure to Function as a Mark)*

109.    Unilever's claims for trademark and trade dress infringement are barred on the grounds that the DOVE® Body Wash Trade Dress and Bottle Design fails to function as a trademark that identifies Unilever a source of goods and/or services.

## TENTH AFFIRMATIVE DEFENSE
*(Functionality)*

110.    Unilever's claims for trademark and trade dress infringement are barred on the grounds that the DOVE® Body Wash Trade Dress and Bottle Design is functional and therefore incapable of functioning as a trademark.

-16-

## ELEVENTH AFFIRMATIVE DEFENSE
*(No Dilution)*

111.    Unilever's claims for trademark and trade dress dilution are barred on the grounds that Apollo's activities do not result in a likelihood of dilution, tarnishment, blurring, or other harm with respect to Unilever's alleged rights.

## TWELFTH AFFIRMATIVE DEFENSE
*(Fair Use)*

112.    Unilever's claims for trademark and trade dress dilution are barred on the grounds that Apollo's activities constitute fair use.

## THIRTEENTH AFFIRMATIVE DEFENSE
*(No State Dilution or Injury to Business Reputation)*

113.    Unilever's claims for trademark and trade dress dilution and injury to business reputation are barred on the grounds that the DOVE® Body Wash Trade Dress and Bottle Design is not distinctive or famous.

## COUNTERCLAIMS

Counterclaimant Apollo Health and Beauty Care ("Apollo"), by its attorneys, and for its Counterclaim against Unilever Supply Chain, Inc. ("Unilever"), alleges as follows:

## THE PARTIES

114.    Apollo is a partnership comprised of Apollo Beauty Corporation and Apollo Health Corporation, both of which are organized and exist under the laws of Canada with offices located at 20 Graniteridge Road, Concord, Ontario, L4K 5M8, Canada.

115.    Upon information and belief, Plaintiff Unilever Supply Chain, Inc. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 1 John Street, Clinton, Connecticut 06413.

450827.1

## JURISDICTION AND VENUE

116.   Apollo's Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States Patent laws 35 U.S.C. § 101 *et seq*.   In these Counterclaims, Apollo seeks, *inter alia*, a judicial declaration that it has not committed any acts of trademark or trade dress infringement, trademark or trade dress dilution, or patent infringement of any design patent owned by Unilever.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), 2201 and 2202.

117.   This Court has personal jurisdiction over the parties.   Unilever has submitted to the jurisdiction of this Court by filing its Amended Complaint in this matter.

118.   Venue is proper in this district under 28 U.S.C. § 1391.

## COUNT I – DECLARATORY JUDGMENT OF INVALIDITY OR UNENFORCEABILITY OF U.S. DESIGN PATENT 542,141

119.   Apollo repeats and realleges its responses and allegations in Paragraphs 1 to 118 of the Amended Complaint as if fully set forth herein.

120.   In its April 29, 2009 correspondence to Apollo, in which Unilever demanded that Apollo cease its manufacture, promotion, distribution and sale of the Apollo Body Wash Products, Unilever claimed ownership of United States Design Patent D542,141 for the DOVE® Bottle Design (the "'141 Design Patent").

121.   All of the claims of the '141 Design Patent are invalid or unenforceable for failure to meet one or more of the conditions of patentability of inventions set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

122.   The subject matter claimed in the '141 Design Patent is invalid as anticipated, in violation of 35 U.S.C. §102.

-18-

123.    The subject matter claimed in the '141 Design Patent is invalid as obvious to one skilled in the art, in violation of 35 U.S.C. §103.

124.    The subject matter claimed in the '141 Design Patent is invalid as functional, in violation of 35 U.S.C. §103.

125.    There is an actual, substantial, and continuing justiciable controversy between Apollo and Unilever regarding the alleged validity and enforceability of the '141 Design Patent.

126.    By reason of the foregoing, Apollo is entitled to entry of a judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the '141 Design Patent invalid or unenforceable.

## COUNT II – DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT

127.    Apollo repeats and incorporates herein the allegations of Paragraphs 1-126 of this Counterclaim.

128.    Unilever owns no valid trade dress or trademark rights in the DOVE® Body Wash Trade Dress and Bottle Design.

129.    Apollo and its products have not infringed and are not infringing on any valid trade dress or trademark rights of Unilever.

130.    There is an actual, substantial, and continuing justiciable controversy between Apollo and Unilever regarding the alleged validity and enforceability of the DOVE® Body Wash Trade Dress and Bottle Design.

131.    On information and belief, unless enjoined, Unilever will continue to charge that Apollo has infringed or is infringing on Unilever's trademark or trade dress rights in the DOVE® Body Wash Trade Dress and Bottle Design and, unless enjoined, Unilever will continue to threaten, institute or prosecute litigation alleging such infringement.   On information and

450827.1

belief, unless enjoined, the conduct of Unilever will irreparably harm and will interfere with the ability of Apollo to sell its products.

132.    By reason of the foregoing, Apollo is entitled to entry of a judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the that Apollo has not infringed the DOVE® Body Wash Trade Dress and Bottle Design.

## COUNT III – DECLARATORY JUDGMENT OF NO DILUTION

133.    Apollo repeats and incorporates herein the allegations of Paragraphs 1-132 of this Counterclaim.

134.    Unilever owns no valid trade dress or trademark rights in the DOVE® Body Wash Bottle Design.

135.    The DOVE® Body Wash Bottle Design is not distinctive or famous.

136.    Apollo and its products have not diluted and are not diluting any valid trade dress or trademark rights of Unilever.

137.    There is an actual, substantial, and continuing justiciable controversy between Apollo and Unilever regarding the alleged validity, enforceability, and fame of the DOVE® Body Wash Bottle Design.

138.    On information and belief, unless enjoined, Unilever will continue to charge that Apollo has diluted or is diluting Unilever's trademark or trade dress rights in the DOVE® Body Wash Bottle Design and, unless enjoined, Unilever will continue to threaten, institute or prosecute litigation alleging such dilution.   On information and belief, unless enjoined, the conduct of Unilever will irreparably harm and will interfere with the ability of Apollo to sell its products.

450827.1

139.    By reason of the foregoing, Apollo is entitled to entry of a judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the that Apollo has not diluted the DOVE® Body Wash Bottle Design.

## COUNT IV – REFUSAL TO REGISTER MARK

140.    Apollo repeats and incorporates herein the allegations of Paragraphs 1-139 of this Counterclaim.

141.    Unilever owns no valid or protectable trade dress or trademark rights in the DOVE® Body Wash Bottle Design.

142.    On information and belief, unless enjoined, the United States Patent and Trademark Office will register the DOVE® Body Wash Bottle Design, Application Serial No. 77/202,862, which will provide Unilever with certain statutory benefits and privileges to which it is not entitled for the foregoing reasons.  The registration of the DOVE® Body Wash Bottle Design will irreparably harm and will interfere with the ability of Apollo to sell its products.

143.    By reason of the foregoing, and pursuant to 15 U.S.C. § 1119, the court should prevent registration of the DOVE® Body Wash Bottle Design, Application Serial No. 77/202,862, and order the express abandonment of the same.

## JURY TRIAL DEMANDED

144.    Apollo demands a jury trial for all issues triable to a jury.

## REQUEST FOR RELIEF

Apollo respectfully requests:

(a)    That Unilever take nothing by its Amended Complaint;

(b)    That the Court determine and declare that Apollo has not and does not infringe any trade dress or trademark rights of Unilever, has not diluted any trade dress or trademark

450827.1

rights of Unilever, has not committed any acts of unfair competition against Unilever, and has not engaged in any deceptive trade practices against Unilever.

(c)     That the Court preliminarily and permanently enjoin Unilever and its agents from instituting, prosecuting or threatening any action alleging that Apollo, any of Apollo's customers, or anyone else acting in concert with Apollo has or is infringing any trade dress or trademark rights of Unilever, has or is diluting any trade dress or trademark rights of Unilever, has or is committing any acts of unfair competition against Unilever, or has or is engaging in deceptive trade practices by selling, offering for sale, or importing any of Apollo's products;

(d)     That the Court award Apollo its costs of suit;

(e)     That the Court award Apollo its attorneys' fees and litigation expenses; and

(f)     That Apollo receive any other appropriate relief.

Dated: March 15, 2010

Respectfully submitted,

AMSTER ROTHSTEIN & EBENSTEIN LLP

s/ *Richard S. Mandaro*
Anthony Lo Cicero (AL 7538)
Richard S. Mandaro (RM 2602)
90 Park Avenue
New York, New York 10016
Tel:  (212) 336-8000
Fax:  (212) 336-8001
alocicero@arelaw.com
rmandaro@arelaw.com

-22-

450827.1

WINTHROP & WEINSTINE, P.A.
Peter J. Gleekel (admitted *pro hac vice*)
Sharon D. Armstrong (admitted *pro hac vice*)
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402-4629
Tel:  (612) 604-6400
Fax:  (612) 604-6800
pgleekel@winthrop.com
sarmstrong@winthrop.com

*Attorneys for Defendants*
*Apollo Health and Beauty Care, Apollo Health*
*Corporation and Apollo Beauty Corporation*

450827.1