**DUANE MORRIS LLP**
Gregory P. Gulia
Eric W. McCormick
Vanessa C. Hew

1540 Broadway
New York, New York 10036-4086
(212) 692-1000

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                    :

UNILEVER SUPPLY CHAIN, INC.,       :    Civil Action No. 09-CV-07601
                                                    :    (LMM)
                           Plaintiff    :
                                                    :

        -against-                          :    **ANSWER TO**
                                                    :    **COUNTERCLAIMS OF**
APOLLO HEALTH AND BEAUTY        :    **APOLLO HEALTH AND**
CARE CORPORATION,                    :    **BEAUTY CARE**
APOLLO HEALTH AND BEAUTY CARE :
APOLLO HEALTH CORP.  AND       :    **JURY TRIAL DEMANDED**
APOLLO BEAUTY CORP.                  :
                                                    :
                         Defendants    :
---------------------------------------------------------------X
                                                    :
APOLLO HEALTH AND BEAUTY CARE., :
                                                    :
             Counterclaim Plaintiff,    :
                                                    :
        -against-                          :
                                                    :
UNILEVER SUPPLY CHAIN, INC.        :
                                                    :
             Counterclaim Defendant.  :
---------------------------------------------------------------X

       Plaintiff/Counterclaim Defendant Unilever Supply Chain, Inc. ("Unilever"), by its undersigned attorneys, Duane Morris LLP, hereby answers the counterclaims of Defendant/Counterclaim Plaintiff Apollo Health and Beauty Care ("Apollo") as set forth in Apollo's Answer to Amended Complaint and Counterclaims dated March 15, 2010 (the

1

"Counterclaims") in this action.  As an initial matter, the allegations of paragraphs 1-113 are not properly a part of Apollo's Counterclaims and therefore no response is required because they consist of Apollo's answer and affirmative defenses.  Unilever hereby answers the Counterclaims, which begin with paragraph 114, as follows.

## COUNTERCLAIMS

## THE PARTIES

114.　With respect to the allegations set forth in paragraph 114, Unilever admits that, upon information and belief, Apollo has offices located at 20 Graniteridge Road, Concord, Ontario, L4K 5M8, Canada.  Unilever is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 114 and therefore denies the same.

115.　Unilever admits the allegations set forth in paragraph 115.

## JURISDICTION AND VENUE

116.　With respect to the allegations set forth in paragraph 116, Unilever admits that this Court has subject matter jurisdiction over Counts II, III and IV of the Counterclaims, but denies that the Court has subject matter jurisdiction over Count I of the Counterclaims.  Unilever further admits that Apollo is seeking declaratory relief, but denies that Apollo is entitled to any such relief.

117.　Unilever admits the allegations set forth in paragraph 117.

118.　Unilever admits the allegations set forth in paragraph 118.

## COUNT I – DECLARATORY JUDGMENT OF INVALIDITY OR UNENFORCEABILITY OF U.S. DESIGN PATENT 542,141

119.　Unilever states that the allegations of paragraphs 1-113 are not properly a part of Apollo's Counterclaims and therefore no response is required.  Unilever restates and incorporates by reference its answers to paragraphs 114-118 as if fully set forth therein.

120.　With respect to the allegations set forth in paragraphs 120-126, the parties have agreed to a stipulation dismissing Counterclaim Count I regarding the '141 Design Patent and are currently awaiting execution thereof.  The parties will file the stipulation shortly upon execution.

**COUNT II – DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT**

127. Admits that paragraph 127 of the Counterclaims purports to repeat and reallege the allegations set forth in paragraphs 1-126 of its Counterclaim, and that Apollo restates and incorporates by reference its answers to paragraphs 1-126 as if fully set forth therein.

128. Unilever denies the allegations set forth in paragraph 128.

129. Unilever denies the allegations set forth in paragraph 129.

130. With respect to the allegations set forth in paragraph 130, Unilever admits that Apollo alleges that there is an actual, substantial and continuing justiciable controversy between the parties regarding the validity and enforceability of the DOVE® Body Wash Trade Dress and Bottle Design but denies that any such valid actual, substantial and continuing justiciable controversy exists and denies that Apollo is entitled to any such declaratory relief.

131. With respect to the allegations set forth in paragraph 131, Unilever admits that it has alleged that Apollo has infringed or is infringing on Unilever's trademark and trade dress rights in the DOVE® Body Wash Trade Dress and Bottle Design and that it will continue to prosecute its claims regarding Apollo's infringement.  Unilever denies that Apollo is entitled to any injunctive or declaratory relief or that Apollo will suffer any irreparable harm as a result of any conduct by Unilever.

132. Unilever denies the allegations set forth in paragraph 132.

**COUNT III – DECLARATORY JUDGMENT OF NO DILUTION**

133. Admits that paragraph 133 of the Counterclaims purports to repeat and reallege the allegations set forth in paragraphs 1-132 of its Counterclaim, and that Apollo restates and incorporates by reference its answers to paragraphs 1-132 as if fully set forth therein.

134. Unilever denies the allegations set forth in paragraph 134.

135. Unilever denies the allegations set forth in paragraph 135.

136. Unilever denies the allegations set forth in paragraph 136.

137. With respect to the allegations set forth in paragraph 137, Unilever admits that Apollo alleges that there is an actual, substantial and continuing justiciable controversy between

the parties regarding the validity and enforceability and fame of the DOVE® Body Wash Bottle Design but denies that any such valid actual, substantial and continuing justiciable controversy exists and denies that Apollo is entitled to any such declaratory relief.

138. With respect to the allegations set forth in paragraph 138, Unilever admits that it has alleged that Apollo has diluted or is diluting Unilever's trademark and trade dress rights in the DOVE® Body Wash Bottle Design and that it will continue to prosecute its claims regarding Apollo's acts of dilution. Unilever denies that Apollo is entitled to any injunctive or declaratory relief or that Apollo will suffer any irreparable harm or interference with the ability to sell its legitimate products as a result of any conduct by Unilever.

139. Unilever denies the allegations set forth in paragraph 139.

## COUNT IV – REFUSAL TO REGISTER MARK

140. Admits that paragraph 140 of the Counterclaims purports to repeat and reallege the allegations set forth in paragraphs 1-139 of its Counterclaim, and that Apollo restates and incorporates by reference its answers to paragraphs 1-139 as if fully set forth therein.

141. Unilever denies the allegations set forth in paragraph 141.

142. Admits that Unilever filed United States Trademark Application Serial No. 77/202,862 for the DOVE® Body Wash Bottle Design, which, if issued, will provide Unilever with the statutory benefits and privileges appurtenant to registration. Unilever denies that the registration of the DOVE® Body Wash Bottle Design will irreparably harm Apollo or interfere with Apollo's ability to sell its legitimate products. Unilever further denies that Apollo is entitled to any injunctive relief.

143. Unilever denies the allegations set forth in paragraph 143.

## APOLLO'S REQUEST FOR RELIEF

Unilever denies Apollo's request for relief and asserts that Apollo take nothing by way of its Counterclaims and that its request for relief be denied in its entirety.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Apollo's counterclaims, and each claim asserted therein, fail to state a claim upon which relief can be granted..

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Apollo's counterclaims, and each claim asserted therein, are barred, in whole or in part, by the doctrine of unclean hands.

### UNILEVER'S REQUEST FOR RELIEF

WHEREFORE, Unilever respectfully requests:

(a) That Apollo take nothing by its Counterclaims;

(b) That the relief sought by Unilever in its Amended Complaint be granted in its entirety;

(c) That this Court enter judgment in favor of Unilever and against Apollo on Apollo's Counterclaims and award Unilever its attorneys' fees and costs incurred in defending against the Counterclaims.

### JURY TRIAL DEMANDED

Unilever hereby demands a jury trial for all issues triable by a jury.

Respectfully submitted

DUANE MORRIS LLP
Attorneys for Plaintiff
Unilever Supply Chain, Inc.

Date:  New York, New York                    ___/Vanessa C. Hew/_____
       March 7, 2011                         Gregory P. Gulia
                                             Eric W. McCormick
                                             Vanessa C. Hew
                                             1540 Broadway
                                             New York, New York 10036-4086
                                             Telephone: (212) 692-1000
                                             Facsimile: (212) 692-1020

## CERTIFICATE OF SERVICE

     I hereby certify that on this day I caused to be served true and correct copies of the foregoing ANSWER TO COUNTERCLAIMS OF APOLLO HEALTH AND BEAUTY CARE, upon the following counsel of record by U.S. District Court's ECF filing system:

> Anthony Lo Cicero
> Richard S. Mandaro
> AMSTER ROTHSTEIN & EBENSTEIN LLP
> 90 Park Avenue
> New York, New York 10016
>
> Peter J. Gleekel
> Sharon D. Armstrong
> WINTHROP & WEINSTINE, P.A.
> 225 South Sixth Street
> Suite 3500
> Minneapolis, Minnesota 55402-4629

                                                      /Edwin E. Grullon/
                                                         Edwin E. Grullon